**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANGELIA RUFFIN, PHILIP TIBBS, CONSTANCE HUDSON, PAMELA GIRTON-HART, SEAN BALDWIN, CARY BRYAN, ALAN ODEN, CHARLES MOSES, MICHAELE JACKSON, RAPHAEL COSBY, EUGENE HICKMAN, GREGORY MOSLEY, ROBIN WHITE and FALIKAU FOFANA on behalf of themselves and all others similarly situated

Plaintiffs,

Case No. 12 cv

v.

HON.

MOTORCITY , an assumed name of DETROIT ENTERTAINMENT, L.L.C., a Michigan limited liability company,

Defendant.

---

BATEY LAW FIRM, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COME, Plaintiffs, Angelia Ruffin, Philips Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana by and through their attorneys Scott P. Batey and Batey Law Firm, PLLC, and for their Complaint against Defendant states as follows:

### VENUE

1. Plaintiff, Angelia Ruffin, is a resident of the Southeastern District of Michigan.

2. Plaintiff, Philip Tibbs, is a resident of the Southeastern District of Michigan.

3. Plaintiff, Constance Hudson, is a resident of the Southeastern District of Michigan.

4. Plaintiff, Pamela Girton-Hart, is a resident of the Southeastern District of Michigan.

5. Plaintiff, Sean Baldwin, is a resident of the Southeastern District of Michigan.

6. Plaintiff, Cary Bryan, is a resident of the Southeastern District of Michigan.

7. Plaintiff, Alan Oden, is a resident of the Southeastern District of Michigan.

8. Plaintiff, Charles Moses, is a resident of the Southeastern District of Michigan.

9. Plaintiff, Michaele Jackson, is a resident of the Southeastern District of Michigan.

10. Plaintiff, Raphael Cosby, is a resident of the Southeastern District of Michigan.

11. Plaintiff, Eugene Hickman, is a resident of the Southeastern District of Michigan.

12. Plaintiff, Gregory Mosley, is a resident of the Southeastern District of Michigan

13. Plaintiff, Falikai Fofana, is a resident of the Southeastern District of Michigan.

14. Plaintiff, Robin White, is a resident of the Southeastern District of Michigan.

15. Defendant, MotorCity Casino an assumed name of Detroit Entertainment, L.L.C. ("MotorCity") is a Michigan corporation duly authorized to conduct business throughout the State of Michigan including Wayne County, Michigan.

16. The events producing the original injury occurred in Wayne County, Eastern District of Michigan, Southern Division.

17. The Defendant is subject to personal jurisdiction in the Eastern District of Michigan, Southern Division.

18. That this Court also has original jurisdiction regarding claims under 18 USC § 1961 et seq.

19. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1332 and § 1391(b) & (c).

20. Plaintiffs bring this action for damages stemming from the acts and/or omissions of Defendant constituting violations of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*. and of the Michigan Wages and Fringe Benefits Act MCLA 408.471, *et seq.*

21. The amount in controversy exceeds $100,000.00 and is otherwise within the Jurisdiction of this Court.

**GENERAL ALLEGATIONS**

22. Plaintiffs incorporate by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Plaintiff, Angelia Ruffin has been employed as security guard with Defendant, MotorCity Casino since on or about March 11, 2002.

24. Plaintiff, Constance Hudson has been employed as security guard with Defendant, MotorCity Casino since December 2002.

25. Plaintiff, Pamela Girton-Hart has been employed as security guard with Defendant, MotorCity Casino within the last three years.

26. Plaintiff, Sean Baldwin has been employed as security guard with Defendant, MotorCity Casino within the last three years.

27. Plaintiff, Philip Tibbs has been employed as security guard with Defendant, MotorCity Casino within the last three years.

28. Plaintiff, Alan Oden has been employed as security guard with Defendant, MotorCity Casino since 1999.

29. Plaintiff, Gregory Mosley has been employed as security guard with Defendant, MotorCity Casino since December 1999.

30. Plaintiff, Charles Moses has been employed as security guard with Defendant, MotorCity Casino within the last three years.

31. Plaintiff, Michaele Jackson has been employed as security guard with Defendant, MotorCity Casino within the last three years.

32. Plaintiff, Raphael Cosby has been employed as security guard with Defendant, MotorCity Casino within the last three years.

33. Plaintiff, Eugene Hickman has been employed as security guard with Defendant, MotorCity Casino since on or about March 11, 2002.

34. Plaintiff, Cary Bryan has been employed as security guard with Defendant, MotorCity Casino within the last three years.

35. Plaintiff, Robin White has been employed as security guard with Defendant, MotorCity Casino within the last three years.

36. Plaintiff, Falikau Fofana has been employed as security guard with Defendant, MotorCity Casino within the last three years.

37. Since 1999 Defendant, required Plaintiffs and all similarly situated current and former security guards to arrive at Defendant's premises fifteen (15) minutes prior to their shift for roll call.

38. Since 1999 Defendant routinely disciplined security guards for failure to appear at roll call, being late for roll call and/or any other alleged misconduct during roll call.

39. Defendant repeatedly and willfully refused to compensate Plaintiffs and all similarly situated current and former security guards similarly situated in violation of Fair Labor Standards Act 29 U.S.C. § 201, *et seq*. and of the Michigan Wages and Fringe Benefits Act MCLA 408.471, *et seq.*

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.**

40. Plaintiffs incorporate by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Since 1999 Defendant, required Plaintiffs and all similarly situated current and former security guards to arrive at Defendant's premises fifteen (15) minutes prior to their shift for roll call.

42. Since 1999 Defendant routinely disciplined security guards for failure to appear at roll call, being late for roll call and/or any other alleged misconduct during roll call.

43. The Fair Labor Standard Act 29 U.S.C. § 206 requires that Defendant pay to each of its employees in an amount at least at the current minimum wage,

44. Defendant repeatedly and willfully refused to compensate Plaintiffs and all similarly situated current and former security guards similarly situated in violation of Fair Labor Standards Act 29 U.S.C. § 201, *et seq*. and specifically U.S.C. § 206.

45. As a direct and proximate cause of Defendant's repeated and willful refusal to compensate Plaintiffs and all similarly situated current and former security guards, Plaintiffs and all similarly situated current and former security guards have sustained damages and are entitled to the following relief:

a. unpaid compensation;

b. liquidated damages;

c. civil penalties in the amount of $1,100 per violation; and

d. costs and attorney fees.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendant in an amount in excess of $100,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive damages as allowed by statute and any other relief this Honorable Court deems appropriate.

**COUNT II**
**VIOLATIONS OF THE MICHIGAN WAGES AND FRINGE BENEFITS ACT, MCLA 408.471, *et seq.***

46. Plaintiffs incorporate by reference paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Since 1999 Defendant, required Plaintiffs and all similarly situated current and former security guards to arrive at Defendant's premises fifteen (15) minutes prior to their shift for roll call.

48. Since 1999 Defendant routinely disciplined security guards for failure to appear at roll call, being late for roll call and/or any other alleged misconduct during roll call.

49. The Michigan Wages and Fringe Benefits Act MCLA 408.471, *et seq.* requires that Defendant pay to each of its employees in an amount at least at the current minimum wage,

50. Defendant repeatedly and willfully refused to compensate Plaintiffs and all similarly situated current and former security guards similarly situated in violation of Michigan Wages and Fringe Benefits Act MCLA 408.471, *et seq.*

51. As a direct and proximate cause of Defendant's repeated and willful refusal to compensate Plaintiffs and all similarly situated current and former security guards, Plaintiffs and all similarly situated current and former security guards have sustained economic and non-economic damages.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendant in an amount in excess of $100,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive damages as allowed by statute and any other relief this Honorable Court deems appropriate.

**COUNT III**
**CLASS ACTION ALLEGATIONS**

52. Plaintiffs incorporate by reference paragraphs 1 through 51 above as though more fully set forth herein.

53. Defendant repeatedly and willfully refused to compensate Plaintiffs, Angelia Ruffin, Philip Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana and all similarly situated current and former security guards in accordance with the Fair Labor Standards Act and the Michigan Wages and Fringe Benefits Act which creates a class so numerous that joinder of all numbers is impractical. (FRCP 23A1).

54. The question of whether the Defendant repeatedly and willfully refused to compensate Plaintiffs, Angelia Ruffin, Philip Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana and all similarly situated current and former security guards involves questions of law or fact which are common to the entire class.

55. The claims or defenses of the representative class parties are typical of the claims or defenses of the entire class.

56. The prospective Plaintiffs class representatives, Angelia Ruffin, Philip Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana, will fairly and adequately protect the interest of the entire class.

57. Prosecuting the multitude of separate actions by or against individual class members would create a risk of inconsistent or variant adjudications with respect to individual class members and would establish incompatible standards of conduct for the party opposing the class.

58. The questions of law or fact common to class members predominate over any questions effecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs, Angelia Ruffin, Philip Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana, respectfully request an Order granting class certification of this action, actual damages, liquidated damages, civil penalties for each violation of 29 U.S.C. § 206, attorney fees, court costs, and interest as permissible by law, together with an Order enjoining Defendants from further offensive conduct in violation of public policy, fairness and equity.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: April 16, 2012

**JURY DEMAND**

NOW COMES the above named Angelia Ruffin, Philip Tibbs, Constance Hudson, Pamela Girton-Hart, Cary Bryan, Alan Oden, Charles Moses, Michaele Jackson, Sean Baldwin, Raphael Cosby, Eugene Hickman, Gregory Mosley, Robin White and Falikau Fofana, by and through their attorneys Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: April 16, 2012